El Pueblo de Puerto Rico, demandante y apelado, *v.* Rafael Márquez, acusado y apelante.

No. 2935.—*Visto:* Diciembre 10, 1926. *Resuelto:* Diciembre 15, 1926.

1. Derecho Penal—Apelación y Error, y Certiorari—Revisión—Errores no Perjudiciales—Perjuicio al Acusado.—Aunque se concluya que unas palabras debieron eliminarse de una denuncia, el error al no eliminarlas, de existir, no es de importancia cuando no se demuestra que con ello se perjudicó al acusado.

2. Derecho Penal—Apelación y Error, y Certiorari—Revisión—Cuestiones Sobre las Pruebas—Conclusiones Sobre Prueba Contradictoria.—Resuelto en contra de una parte el conflicto existente de la prueba, cuando la de descargo no desvirtúa la de cargo y por el contrario, tiende a probar el hecho imputado, procede confirmar la sentencia apelada.

Sentencia de *R. López Antongiorgi,* J. (Guayama), condenando al acusado por infracción a la ley de automóviles. *Confirmada.*

*C. Domínguez Rubio,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El apelante fué denunciado por infracción a la Ley de Automóviles en su artículo 12, letra (a), en relación con la letra (d) del mismo, imputándosele que en determinada fecha, a las 9 p. m. y en la carretera de Patillas, guiaba un automóvil Hudson sin tomar las precauciones necesarias y sin tener en cuenta el ancho, tráfico y uso del camino, dejando de marchar por su derecha y sin apagar las luces deslumbrantes, por cuyo motivo chocó con un automóvil Ford ocasionándole desperfectos. Celebrado el juicio fué condenado y en la apelación que ha interpuesto alega como errores de la corte inferior el haber sido declarado sin lugar la moción que le hizo para que fuesen eliminadas de la denuncia las palabras "y sin apagar las luces deslumbrantes por cuyo motivo chocó con el automóvil Ford No. 5296 ocasionándole desperfectos" y también por la apreciación que hizo de las pruebas.

[1] Con respecto al primer error bastará decir que aunque se concluyera que las palabras indicadas debieron ser eliminadas, el error cometido no sería de importancia por no haberse demostrado que perjudicara al acusado.

[2] Según la evidencia del denunciante que guiaba un automóvil Ford, al venir en dirección contraria en un sitio ancho de la carretera el Hudson con luces deslumbrantes, el Ford bajó sus luces para que el Hudson hiciera lo mismo, como acostumbran hacer los chauffeurs, pero que como el Hudson no bajó sus luces, el Ford se hizo bien a su derecha y se detuvo con las luces apagadas, sacando el chauffeur su brazo izquierdo afuera para que otro Ford que iba detrás de él se detuviera, como lo hizo, chocando después el Hudson con el Ford detenido en primer término por su parte izquierda. La prueba del denunciado tendió a demostrar que el Hudson bajó sus luces, que el Ford de atrás trató de pasarle al de adelante en cuyo momento

ocurrió el choque con el primero de ellos porque los dos tapaban el camino, y que el primer Ford no estaba detenido.

El conflicto de esa evidencia fué resuelto por la corte inferior en contra del denunciado sin que la prueba del denunciante quedase desvirtuada por el hecho de que si el Ford estaba detenido bien a su derecha y sin luces podía pasar el Hudson sin chocar con él, porque si a pesar de esos hechos el Hudson chocó con el Ford pudiendo pasar fué porque no manejaba por su derecha sino por el centro de la carretera y más bien a su izquierda, ya que fué a chocar con un automóvil que estaba detenido bien a su derecha en dirección contraria.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.